Strafford,  
Dec. 1, 1908.

### PALMER, *Adm'r, v.* BLANCHARD.

CASE, for negligently causing the death of the plaintiff's daughter. Trial by jury and verdict for the defendant. Transferred from the February term, 1908, of the superior court by *Stone*, J.

The defendant is a physician and treated the plaintiff's daughter for spasmodic croup. The plaintiff's evidence tended to prove that she died of membranous croup. Dr. Morgan, who was called to the child about two hours before her death, was a witness for the defendant and admitted on cross-examination that the plaintiff and his attorney, Scott, called on him at his office, but denied that he told them death resulted from membranous croup. The redirect examination took up the occurrences at his office and then proceeded as follows:

Q. "Did you see Colonel Scott later?" A. "Saw him on the street one day; that is all."

Q. "What talk did you have with Colonel Scott about it on the street?" The plaintiff's counsel objecting, the court said: "That is not evidence."

Defendant's counsel: "It was put in before, your honor. I don't think it is quite fair. I don't wish to criticise the court."

The court: "Any talk this man had with Colonel Scott on the street is not evidence."

Defendant's counsel: "They put it in before. I didn't know but they wanted to now." To this the plaintiff excepted.

The court found that these remarks were addressed to the court in explanation of the defendant's contention as to the competency of the question put to Dr. Morgan, and that the counsel acted in good faith in his endeavor to address the court.

*Walter W. Scott* and *Samuel W. Emery* (of Massachusetts), for the plaintiff.

*William F. Nason* and *Edwin G. Eastman*, for the defendant.

YOUNG, J.    Counsel had a right to urge his views on the court if he honestly believed the question was competent.    If the plaintiff thought the controversy was likely to prejudice him, he should have asked the court to instruct the jury to disregard it.    *Batchelder* v. *Railway*, 72 N. H. 329, is not in point.    In this case the court has found that the remarks excepted to were made to the court while the defendant's counsel was urging the competency of his question. In the case cited the question excepted to was asked after its competency had been considered and it had been finally excluded.

*Exception overruled.*

All concurred.